UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al.,<br><br>    Defendants. | No. 5:21-CV-300-H |

# ORDER

In an earlier order, the Court ordered plaintiffs to brief what steps plaintiffs had taken to notify defendants and why the Court should not require notice. Dkt. No. 9 at 1–2. A few hours later, plaintiffs filed an Advisory to the Court stating that, on December 14, 2021, they sent copies of their Motion for Temporary Restraining Order and Preliminary Injunction, Motion for Leave to Exceed Page Limit, Brief in Support, and Proposed Orders to the Northern District of Texas United States Attorney's Office and to the United States Attorney General's Office via certified mail. Dkt. No. 10. Plaintiffs stated that they will send additional copies of those documents to the named defendants today, along with a copy of their Advisory. *Id.*

In the Advisory, plaintiffs' counsel also stated that she had spoken with Brian Stoltz, Deputy Civil Chief and Assistant United States Attorney, and that he was aware of the plaintiffs' filings and this Court's prior order (Dkt. No. 9). According to plaintiffs' counsel, Mr. Stoltz advised that he could be their point of contact until the Department of Justice assigns representation to the defendants, which will happen shortly. Dkt. No. 10 at 1–2.

Federal Rule of Civil Procedure 65 requires notice to a defendant prior to the issuance of a temporary restraining order unless certain exceptions have been met. The notice required by Rule 65(b) is "some sort of notice" and not "notice" as contemplated for service of process under Rule 4. *See Cenergy Corp. v. Bryson Oil & Gas P.L.C.*, 657 F. Supp. 867, 870 (D. Nev. 1987) (citing *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 181 (1968) (contemplating both "formal or informal notice" in the context of a restraining order). Plaintiffs have likely complied with this requirement.

But, out of an abundance of caution, the Court orders plaintiffs on or before December 16, 2021 at 12:00 p.m. CST to provide to the Acting United States Attorney for the Northern District of Texas, Chad Meacham, and the Chief of the Civil Division for the Northern District of Texas, Scott Hogan, a copy of: (1) their Complaint, (2) their Motion for Temporary Restraining Order and Preliminary Injunction, (3) their Brief in support of the motion, and (4) this Order.

Because the United States is represented in every district of the country by a United States Attorney, this method will ensure sufficient notice given the time-sensitive nature of the issues involved. See 28 U.S.C. § 547 (providing that "each United States Attorney, within his district, shall . . . defend, for the government, all civil actions . . . in which the United States is concerned"). Plaintiffs are also ordered to file a notice detailing their compliance with this statute and this Order on or before December 16, 2021 at 5:00 p.m. CST.

Should the defendants wish to contest plaintiffs' request for a temporary restraining order and preliminary injunction, they must submit a responsive brief on or before

December 23, 2021. Plaintiffs may file a reply brief to any response on or before December 28, 2021 at 1:00 p.m. CST.

So ordered on December 15, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

3