UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS and §<br>LUBBOCK INDEPENDENT SCHOOL §<br>DISTRICT, §<br>    *Plaintiffs*, §<br>§<br>v. §<br>§<br>XAVIER BECERRA, in his official §<br>capacity as Secretary of Health and §<br>Human Services, *et al.*, §<br>    *Defendants.* § | CIVIL ACTION NO. 5:21-CV-300 |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority. Defendants note that the Sixth Circuit has upheld a district court's denial of a preliminary injunction that would have enjoined the same Interim Final Rule at issue in this case in some school districts in Michigan. *Livingston Educ. Serv. Agency v. Becerra*, No. 22-1257, 2022 WL 1594779 (6th Cir. May 20, 2022). But the panel's reasoning is unpersuasive.

First, the Sixth Circuit states that Defendants had good cause to skip notice-and-comment, finding that good cause exists for the Interim Final Rule in the same way it existed for CMS's failure to comply with notice-and-comment in *Biden v. Missouri*. *Livingston*, 2022 WL 1594779, at *1. The opinion says nothing that Plaintiffs have not already addressed in their Brief in Support of their Motion for Summary Judgment, Dkt. #54–1 at 34–37, and that the Court has not previously addressed in its order granting preliminary relief, Dkt. #42 at 26–33.

1

Second, the court holds that Defendants "likely ha[ve] the statutory authority to issue a vaccine requirement for Head Start program staff, contractors, and volunteers" because they have authority under 42 U.S.C. 9836a(a)(1)(A) & (E), which the Court describes as a "broad grant of authority." *Id.* at *2. But Defendants pointedly do not rely on subsection (A) in promulgating the Final Rule, as the Court has already explained. *See* Dkt. #42 at 19–20. The Sixth Circuit should not have considered that subsection. And the grant of rulemaking authority is specific, not broad, as the Court has also already explained. *See* Dkt. #42 at 13.

Third, the Sixth Circuit accepted Defendants' suggestion that statutory authority for the Interim Final Rule may be found by working backwards from the definition of "deficiency." *Id.* But the power to issue deficiencies to Head Start programs that violate rules does not expand the power to adopt rules in the first place. Moreover, Head Start did not rely on the definition of "deficiency" in adopting the Interim Final Rule. Finally, while every violation of a program performance standard is a deficiency, not every deficiency is a violation of a program performance standard, so the definition of "deficiency" does not inform the meaning of "program performance standard" and does not justify any rule that purports to be a modification of program performance standards. *See* Dkt. #61 at 11–12, #64 at 1–2; #42 at 20–21.

Fourth, the court holds that Head Start's supposed "history of regulating the health of Head Start children and staff provides further evidence that the vaccine requirement does not exceed the agency's statutory authority." *Id.* But there is no such history. *See* Dkt. #54-1 at 26–30; Dkt. #42 at 1, 20 ("[T]he Department of Health and Human Services created two unprecedented conditions on funding for Head Start programs … [D]efendants concede that the Rule at issue is

the first time in Head Start's history that a health procedure was mandated as a prerequisite to participation or employment.").

Additionally, the Sixth Circuit did not consider whether Defendants adopted the Interim Final Rule without complying with 42 U.S.C. 9836a(a)(2), the Congressional Review Act, of the Treasury and General Appropriation Act of 1999. It also did not consider whether the rule is arbitrary and capricious or whether it violates the Constitution. Those are all additional reasons that the Interim Final Rule must be set aside. *See* Dkt. 54–1 at 31–34, 37–45.

Therefore, the Sixth Circuit's opinion does not change the correct result in this case. The Court should grant Plaintiffs' motion for summary judgment.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Charles K. Eldred*
**CHARLES K. ELDRED**
Special Litigation Counsel
Administration Law Division
State Bar No. 00793681
Charles.Eldred@oag.texas.gov

**JOHNATHAN STONE**
Assistant Attorney General
Civil Medicaid Fraud Division
State Bar No. 24071779

**AMY L.K. WILLS**
Assistant Attorney General
General Counsel Division
State Bar No. 24093379

Office of the Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
(512) 936-1706 • fax (512) 320-0167
Austin, Texas 78711-2548

**ATTORNEYS FOR PLAINTIFF
STATE OF TEXAS**

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

*/s/ Amy S. Hilton*
**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834
Amy.Hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1327 • fax (512) 320-0667

**ATTORNEYS FOR PLAINTIFF
LUBBOCK INDEPENDENT
SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 26, 2022.

*/s/ Amy S. Hilton*
Amy S. Hilton